IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN JOHNSON              *

    Petitioner,           *        Civil Action No. RDB-18-2892

v.                         *        Criminal Action No. RDB-12-0159

UNITED STATES OF AMERICA,  *

    Respondent.            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On March 28, 2012 Petitioner Brian Johnson ("Petitioner" or "Johnson") pled guilty in this Court to (1) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and (2) conspiracy to possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. On June 26, 2012 this Court sentenced Petitioner to a term of imprisonment of two hundred and forty (240) months followed by five years of supervised release pursuant to the United States Sentencing Guidelines for career offenders. During sentencing, this Court found that Petitioner's criminal history included a 1992 Maryland conviction for first degree murder and a 2007 Maryland conviction for possession with intent to distribute narcotics necessary support a career offender enhancement pursuant to the United States Sentencing Guidelines Manual § 4B1.1. On July 10, 2018, following a petition for coram nobis filed by the Petitioner, the Baltimore City Circuit Court vacated and dismissed Petitioner's 2007 Maryland drug conviction, finding Petitioner's initial guilty plea to be involuntary because he did not know the elements of the crime. On September 17, 2018, Petitioner filed the currently pending Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 39) pursuant to 28 U.S.C.

1

§ 2255, asserting that he is entitled to relief because the vacatur of his 2007 drug conviction entitles him to resentencing without the label as a career offender.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Petitioner Brian Johnson's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 39) pursuant to 28 U.S.C. § 2255 is GRANTED, and Petitioner's sentence will be VACATED subject to re-sentencing.

## BACKGROUND

On March 28, 2012, the Government filed an Amended Information which charged Johnson with conspiring to commit several robberies in Baltimore City between December 18 and 30, 2009. (ECF No. 4.) The Amended Information brought two Counts against Johnson: conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count I), and conspiracy to distribute with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count II). (*Id.*) Petitioner pled guilty to these charges. (Judgment, ECF No. 15.)

On June 26, 2012, this Court sentenced Petitioner to 240 months of imprisonment followed by a five-year term of supervised release. (Judgment, ECF No. 15.) The imposed sentence was informed by a presentence investigation report ("PSR") prepared by the United States Probation Office. The Report indicated that Petitioner qualified as a career offender under the United States Sentencing Guidelines based on a prior 1992 Maryland first degree murder conviction (Baltimore Circuit Court Case No. 191364008) and a 2007 Maryland conviction for possession with intent to distribute heroin (Baltimore City Case No. 206010010). *See* United States Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing

Comm'n 2018) (U.S.S.G.); (Presentence Report at 11.) The career offender enhancement would have resulted in a guideline range of 262 to 327 months imprisonment, corresponding to an offense level of 34 and a criminal history category of VI. The maximum sentence permissible for Petitioner's drug offense fell below the guideline range and did not permit a sentence exceeding 240 months. Accordingly, the applicable guideline sentence became 240 months. U.S.S.G. § 5G1.1(a). Ultimately, this Court sentenced Johnson to 240 months of imprisonment, a term which represented the statutory maximum. (Judgment, ECF No. 15.)

Prior to his sentencing in this Court, Petitioner launched a series of challenges to his 2007 Maryland conviction for possession with intent to distribute heroin. (Affidavit of Initia Lettau, ECF No. 47-3.) On June 10, 2010, Johnson filed a *pro se* post-conviction petition in the Circuit Court of Baltimore City challenging the validity of his conviction. (Criminal Court of Baltimore Case Inquiry No. 206010010, ECF No. 47-1.) Subsequently, the attorney assigned to his case filed a motion to withdraw Johnson's motion without prejudice to refine and modify the petition's arguments. (ECF Nos. 47-1; 47-3.) Due to staffing changes, the new motion was never filed, and consequently, on September 8, 2011, Johnson filed another *pro se* petition for post-conviction relief for his 2007 conviction. *Id.* Again, Johnson's motion was withdrawn by the assigned attorney to refine the arguments. *Id.* Once more, the motion was never re-filed on Johnson's behalf before his arrest and appearance in this Court in March 2012. *Id.*

After federal sentencing, on July 15, 2014, Johnson filed a petition for coram nobis in Baltimore City Circuit Court seeking to vacate his 2007 Maryland conviction for possession with intent to distribute heroin. (Circuit Court for Baltimore City Case No. 206010010

3

Docket, ECF No. 39-1.) Specifically, Johnson claimed his guilty plea in 2007 was involuntary because he was not aware of all the elements of the crime at the time of his plea. (*Johnson v. State of Maryland*, No. 206010010 (Cir. Ct. Balt. City July 10, 2018), ECF No. 39-2.) Initially, on February 8, 2016, the Circuit Court denied his petition without a hearing. (ECF No. 39-1.) Subsequently, Johnson appealed to the Court of Special Appeals of Maryland which found that the Circuit Court erroneously deprived Johnson of a hearing, vacated the Circuit Court's judgment, and remanded. *Johnson v. State*, No. 271, Sept. Term, 2016, 2018 WL 833081 (Md. Ct. Spec. App. Feb. 8, 2018) (unpublished). On July 10, 2018, the Circuit Court granted Johnson's coram nobis petition and vacated and dismissed his 2007 Maryland conviction for possession with intent to distribute heroin, finding Johnson's initial guilty plea to be involuntary because he did not know the elements of the crime. (ECF No. 39-2.)

On September 17, 2018, Petitioner filed the instant Motion to Correct Sentence Under 28 U.S.C. § 2255. In his Motion, Petitioner asserts that he is entitled to resentencing because he no longer qualifies as a career offender after the vacatur of his 2007 heroin conviction under U.S.S.G. § 4B1.1. (ECF No. 39.) The Government opposes the Motion. (ECF No. 42.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has

4

been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S.Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant ... show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Petitioner contends that he is entitled to relief under 28 U.S.C. § 2255 because his current sentence is erroneous in light of the subsequent vacatur of his 2007 Maryland state conviction for possession with intent to distribute heroin. (Pet.'s Mot., ECF No. 39.) Specifically, Petitioner argues: (1) his federal sentence is otherwise subject to collateral attack pursuant to 28 U.S.C. § 2255(a) because the vacatur of his Maryland conviction negates his career offender status; and (2) his current sentence violates due process because it is predicated on a prior conviction which was found to violate his due process rights. (*Id.*) In its response, the Government contends the petition should be denied on three procedural grounds: (1) Petitioner's claim is not timely under § 2255(f) for failure to exercise due diligence in seeking the vacatur of his state conviction; (2) Petitioner procedurally defaulted his claim by not raising

5

the instant motion on direct appeal; and (3) Petitioner's claim is not cognizable under collateral review pursuant to § 2255(a). (Gov't Resp., ECF No. 42.) For the reasons state herein, Petitioner is entitled to resentencing.

I. **Petitioner exercised the requisite due diligence in seeking the vacatur of his state possession with intent to distribute heroin conviction to meet the requirements of 28 U.S.C. § 2255(f)(4).**

The Government first contends that Petitioner's Motion to Correct Sentence is untimely because he failed to exercise the due diligence required, pursuant to 28 U.S.C. § 2255(f)(4), in seeking a vacatur of his 2007 Maryland drug conviction. (ECF No. 42 at 5-8.) Pursuant to 28 U.S.C. § 2255(f)(4), a one-year period of limitations applies to all motions under § 2255 and may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In *Johnson v. United States*, the Supreme Court held that a vacatur of a prior state conviction used to enhance a federal sentence constitutes a matter of "fact" that triggers tolling of the one-year limitation under § 2255(f)(4). 544 U.S. 295, 319, 125 S. Ct. 1571 (2005). Thus, the one-year period for § 2255 review begins running when the state court orders the vacatur. *Id.* at 307, 125 S. Ct. at 1580.

Vacatur alone is not enough to trigger tolling under § 2255(f)(4); a petitioner must act with due diligence in seeking the vacatur of his prior conviction to be eligible for tolling of the one-year limitation. *Id.* at 308, 125 S.Ct. at 1580. Accordingly, a court will look to "the date of judgment as the moment to activate due diligence" in seeking a vacatur of a previous state sentence used for enhancement. *Id* at 309, 125 S.Ct. at 1581. Applying this rule, the Court in *Johnson* held that a petitioner who waited twenty one months after judgment to attack his state

6

conviction and offered no explanation for the delay did not act with due diligence, thereby precluding triggering of § 2255(f)(4). *Id.* at 311, 125 S. Ct. at 1582.

Additionally, the *Johnson* court notes its opinion does not always require immediate action by a recently sentenced defendant. *Id.* at 310 n.8, 125 S.Ct. at 1582. Rather, the facts underlying the state-court conviction might themselves not be discoverable until after the federal judgment, in which case the diligence period begins once those facts become discoverable. *Id.* Further, the Court notes any delay in state proceedings that is not attributable to the petitioner will not bar relief. *Id.* Following *Johnson*, in *United States v. Thomas*, Judge Ellen L. Hollander of this Court held a Petitioner's vacatur of a state conviction was pursued diligently when Petitioner waited nine years after his state conviction to seek coram nobis relief because the vacatur was sought prior to federal sentencing. No. ELH-10-082, 2019 WL 2904652, at *10 (D. Md. July 5, 2019). Importantly, Judge Hollander observed the "legal process is not always a quick one" and stated the "delays that ensued during the State litigation do not reflect a lack of diligence" on the part of petitioner. *Id.* .

The Baltimore City Circuit Court vacated Petitioner's 2007 Maryland drug conviction on July 10, 2018 and Petitioner filed the instant motion on September 17, 2018, well within the one year period set forth in *Johnson*, making the instant motion indisputably timely. (*See* ECF No. 39-2) Importantly, the Petitioner also acted diligently in seeking the vacatur of his state conviction. As the Government accurately emphasizes, Petitioner did not file a successful coram nobis petition until July 15, 2014. (*Id.*) Yet, unlike the Petitioner in *Johnson*, the Petitioner here continuously sought review of the relevant state conviction since 2010, and he has proffered a reasonable cause for delay. On June 10, 2010 Petitioner filed a *pro se* post-

7

conviction petition in the Circuit Court for Baltimore City. (ECF Nos. 47-1; 47-3.) Petitioner's case was assigned to Jodie Louer in the Collateral Review Division of the Office of the Public Defender of Maryland, who, after consulting with Petitioner, filed a motion to withdraw the petition without prejudice to refine and modify the arguments. (*Id.*) However, Ms. Louer left the Collateral Review Division in 2011 without refiling petitioner's motion. (*Id.*) Therefore, on September 8, 2011, Petitioner diligently filed a second *pro se* petition for post-conviction relief for his 2007 heroin conviction. (*Id.*) The petition was assigned to Scott Whitney who similarly moved to withdraw the petition without prejudice with the intention of modifying and refining the arguments. (*Id.*) The court granted the withdrawal request on February 14, 2012. (*Id.*) However, no further progress occurred prior to federal conviction by this Court in March 2012. (*Id.*) Ultimately, in July 2014, 25 months after federal sentencing, Petitioner finally filed a successful coram nobis petition. (ECF No. 39-1.)

The Government points to several cases where the Fourth Circuit and this Court have dismissed petitioners for lack of the requisite diligence under § 2255(f)(4). (ECF No. 42 at 6-8.) Specifically, the courts have dismissed petitions when petitioners waited between twenty-one and forty-two months after federal sentencing to challenge his or her state sentence. (*Id.* at 7 (citing *United States v. Williams*, 162 Fed. Appx. 254, 260 (4th Cir. 2006); *Blake v. United States*, No. DKC-20-0729, 2018 WL 4679861 (D. Md. Sept. 28, 2018); *Freeman v. United States*, No. DKC 03-0194, 2012 WL 4480724 (D. Md. September 27, 2012).)

In contrast to the instant case, none of the petitioners in the cases cited by the Government challenged his or her state conviction prior to federal sentencing. In *United States v. Williams*, the Fourth Circuit determined that, for a federal defendant seeking the vacatur of

a state sentence, the latest the due diligence clock can begin running is the date the district court files judgment. 162 Fed. Appx. 254, 259 (4th Cir. 2006). This is not at issue here; Petitioner's claim does not necessitate the diligence clock starting later because he began challenging his state court conviction long before his federal sentencing. (See ECF Nos. 47-1; 47-3.) These circumstances are never addressed in *Williams*.

Similarly, the government points to a pair of cases from this Court in which petitioners were found to lack diligence in seeking vacatur of their state court conviction, and, as in *Williams*, neither petitioner challenged his or her state conviction prior to federal sentencing. *Blake*, 2018 WL 4679861, at *3 (holding petitioner lacked diligence for waiting five years after federal sentencing to challenge his state conviction used in career offender designation); *Freeman*, 2012 WL 4480724 at *4 (holding petitioner lacked diligence for waiting three years and nine months to challenge his state conviction after federal sentencing with no explanation for the delay).[1] In contrast, the Petitioner in the instant case began challenging his state conviction two years *before* federal sentencing and again two years after. (*See* ECF Nos. 47-1; 47-3.) Therefore, Petitioner diligently sought vacatur of his state conviction and is entitled to tolling of the statute of limitations pursuant to 28 U.S.C. § 2255 (f)(4).

II. **Petitioner's failure to raise the issue on direct appeal does not preclude the claim because Petitioner adequately demonstrated both cause and prejudice.**

Second, the Government argues the Petitioner is not entitled to resentencing because he procedurally defaulted his resentencing claim by failing to raise the issue on direct appeal

---

[1] Notably, the petitioner in *Freeman* and the Petitioner here argue the same Maryland state procedural bar as a reason for waiting to file a coram nobis petition after federal sentencing. However, the petitioner's case in *Freeman* entirely rested on delaying the start of the due diligence clock because of his inaction prior to federal sentencing. In contrast, the Petitioner here began his attack on his state sentence two years prior to federal sentencing, thereby making the alleged state procedural bar a moot issue. (*See* ECF Nos. 47-1; 47-3.)

9

and by failing to show cause and prejudice or actual innocence. (ECF No. 42 at 8-11.) Procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant ... show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). A petitioner must show that the failure to raise the issue on appeal resulted from "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493.

Cause does not exist when a reasonably diligent search would have revealed the facts underlying the claim. *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001). However, procedural default does not preclude claims that "could not be presented without further factual development." *Pettiford*, 612 F.3d at 279. Additionally, in conjunction with cause, a petitioner must show "actual prejudice resulting from the errors of which he complains." *Id.* (quoting *Milkalajunas*, 186 F.3d at 492-93). Put differently, the alleged error cannot simply result in the "possibility of prejudice," rather a petitioner must prove the error caused an "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 165 (1982); *see also Sinani v. United States*, No. ELH-16-00119, 2019 WL 2772509 (D. Md. July 1, 2019).

Petitioner asserts cause by arguing the delayed vacatur of his 2007 drug offense *caused* petitioner to delay challenging his career offender designation. (ECF No. 47 at 9-12.) Petitioner accurately points again to *Johnson*, where the Supreme Court concluded the vacatur of a prior state conviction constitutes a new fact previously unavailable to a defendant. (*Id.* at

10 (citing 544 U.S. 295, 302).) Therefore, Petitioner argues the absence of this "fact" at sentencing prevented his counsel from bringing a good faith claim on direct appeal, and caused him to wait until the vacatur was final to challenge his federal sentence. (*Id.*)

Conversely, the Government contends Petitioner knew of the issues surrounding his 2007 guilty plea, and therefore Petitioner should have brought those issues to his defense counsel's attention prior to federal sentencing in 2012. (ECF No. 42 at 9.) The Government cites *Basden v. Lee*, 290 F.3d 602 (4th Cir. 2002) to support the assertion that a petitioner may not establish cause "by pointing to evidence that the petitioner knew about or could have discovered through a reasonable investigation." 290 F. 3d at 618. This assertion is misplaced; in *Basden*, the court concluded that Basden's presentment of "new facts" could not establish cause to overcome a procedural default of ineffective assistance claims because the facts consisted of certain personal details about Basden that counsel could easily discover through a basic investigation. *Id.* Basden unsuccessfully tried to show that his counsel's lack of knowledge of these easily attainable, personal facts resulted in his counsel's inability to bring a claim on direct appeal. *Id.* In contrast, the fact in this case, the vacatur of Petitioner's 2007 conviction, was not in existence at the time Petitioner was sentenced as a career offender, and therefore was undiscoverable. Accordingly, the Government's argument here fails.

Additionally, the Government argues the facts underlying the cause of Petitioner's vacatur were available at the time of sentencing, and therefore, he should have directly attacked his 2007 drug conviction at sentencing or on direct appeal. (ECF No. 42 at 10.) The Government's argument is again without merit. In *Custis v. United States*, the Supreme Court held that a defendant in a federal sentencing proceeding does not have a right to "collaterally

11

attack the validity of previous state convictions that are used to enhance his sentence."[2] 511 U.S. 485, 487 (1994) (further mentioning that public policy discourages sentencing courts from using resources to "rummage through frequently nonexistent or difficult to obtain state-court transcripts"). *Custis* also holds, after a successful attack of a state conviction, a petitioner may then apply for a reopening of any federal sentence enhanced by the vacated state sentence. *Id.* at 497; *see also Daniels v. United States*, 532 U.S. 374, 382 (2001) (upholding *Custis* and noting "the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255").

The Fourth Circuit adopted this policy in *United States v. Pettiford*, when the Court concluded that "if a defendant 'succeeds in a future collateral proceeding in overturning his [state] conviction, federal law enables him to then seek review of any federal sentence that was enhanced due to his state conviction.'" 612 F.3d 270, 276 (4th Cir. 2010) (quoting *United States v. Bacon*, 94 F.3d 158, 161 n.3 (4th Cir. 1996); *see also United States v. Dorsey*, 611 Fed. Appx. 767, 769 (holding sentence enhancements under the advisory guidelines based on vacated convictions may be reconsidered by federal sentencing court). Similarly, in *United States v. Squire*, the Fourth Circuit held a defendant could not collaterally attack his state conviction used to enhance his sentence at federal sentencing unless the prior convictions had been "reversed, vacated or invalidated" in a state case prior to sentencing. 716 Fed. Appx. 156, 160 (4th Cir. 2017). For these reasons, the court dismissed the defendant's claim that his state

---

[2] *Custis, Daniels* and *Johnson* apply "whether the sentence enhancement was imposed because of the ACCA or because of the Sentencing Guidelines." *United States v. Gadsen*, 332 F.3d 224, 228 n. 3 (4th Cir. 2003).

12

guilty plea was made involuntarily. *Id.* In this case, as in *Squire*, Petitioner was barred from collaterally attacking his state conviction, which had not yet been reversed, vacated, or invalidated, at federal sentencing. The vacatur of his 2007 state conviction after sentencing caused petitioner to lawfully withhold the instant issue from direct appeal or at sentencing.

Finally, the Government proffers that even if Petitioner can show cause, the Petitioner has not shown actual prejudice, but only the possibility of prejudice from the use of his state conviction at federal sentencing. (ECF No. 42 at 10-11.) In order to establish actual prejudice to preclude procedural default, a petitioner must show the alleged error worked to his genuine and substantial disadvantage at trial. *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Henry v. Foxwell*, RDB-18-164, 2018 WL 1525705, at *3 (D. Md. Mar. 28, 2018). A Petitioner needs to show "there is a reasonable probability" that, without the error, sentencing would have been different. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

Although the Federal Sentencing Guidelines are not mandatory, "district courts *must* begin their analysis with the [Sentencing] Guidelines and remain cognizant of them throughout their sentencing process." *Peugh v. United States*, 569 U.S. 530, 541, 133 S. Ct. 2072, 2083 (2017) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)); *see also Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018) (noting the sentencing guidelines are the "foundation of federal sentencing decisions"). Therefore, a defendant who is sentenced under the incorrect range, "whether or not the defendant's ultimate sentence falls within the correct range," is particularly serious and usually sufficient to show a reasonable probability of a different outcome at sentencing. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *see also United States v. Winbush*, 922 F. 3d 227, 231 (4th Cir. 2019) (holding the advisory nature of the guidelines does not preclude a

finding of prejudice when applied incorrectly at sentencing). As Judge Hollander found in *United States v. Thomas*, No. ELH-10-0082, 2019 WL 2904652 (D. Md. July 5, 2019) "actual prejudice is obvious" when a subsequent vacatur delayed a petitioner's ability to challenge his career offender designation and resulted in an ultimately incorrect sentence enhancement at federal sentencing. *Thomas*, 2019 WL 2904652 at * 11.

Here, the Petitioner was sentenced as a career offender predicated upon his 2007 state drug conviction. (Presentence Report at 11.) Without this state drug conviction, Petitioner does not qualify as a career offender, thereby making it reasonably probable that his sentence would be different without the predicate conviction. Therefore, like in *Thomas*, actual prejudice resulted from the delayed vacatur of Petitioner's 2007 state conviction, prohibiting Petitioner from raising this issue at federal sentencing or on direct appeal. Consequently, Petitioner'claim is not procedurally barred.[3]

### III. Petitioner's claim is cognizable on collateral review because the vacatur of his 2007 conviction nullifies his career offender designation and therefore entitles him to resentencing.

Finally, the government contends Petitioner's claim fails on the merits because Petitioner's challenge to his career offender designation is not cognizable on collateral review. (ECF No. 42 at 11-18.) Pursuant to 28 U.S.C. § 2255(a), a prisoner in custody under sentence of a federal court may move to correct a sentence that is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has interpreted this provision to mean a district court may review a sentencing error that is neither constitutional nor jurisdictional if it is a "fundamental defect which inherently results in the complete miscarriage of justice." *Davis*

---

[3] Since Petitioner adequately demonstrated cause and prejudice, the issue of actual innocence is moot.

*v. United States*, 417 U.S. 333, 546, 94 S. Ct. 2298, 2305 (1974); *see also United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015) (adopting Supreme Court's assertion in *Davis*). In *United States v. Dorsey*, the Fourth Circuit held that a Guideline calculation that is not erroneous at the time of sentencing, but which is predicated on a later vacated state conviction is cognizable in a § 2255 claim for resentencing. 611 Fed. Appx. 767, 770 (4th Cir. 2015). Vacaturs of state convictions that result in altered sentencing requirements or otherwise unlawful sentences create the exceptional circumstances necessary to make a petitioner's § 2255 claim cognizable. *See Cuevas v. United States*, 778 F.3d 267, 275 (1st Cir. 2015) (post-*Booker*, granting relief under the fourth prong of § 2255 when vacaturs reduced petitioner's criminal history points, therefore reducing his criminal history category); *see also Dorsey*, 611 Fed. Appx. at *770 (post-*Booker*, remanding for re-sentencing when vacatur of state conviction placed petitioner in lower criminal history category).

However, the vacatur of a particular state conviction must affect the petitioner's sentence to warrant relief under § 2255. *See Pettiford*, 612 F.3d at 278 (holding petitioner's § 2255 claim failed because his vacated convictions did not render his Armed Career Criminal Act sentence invalid because of the existence of additional, sufficient predicate convictions); As this Court previously held *Beads v. United States*, RDB-14-3061, 2015 WL 3853186, at *6 (D. Md. June 19, 2015), "[v]acaturs of state convictions that do not, however, affect petitioners' sentences are not sufficiently exceptional to warrant relief under the fourth prong of § 2255." The *Beads* case is clearly distinguishable from this case. As discussed above, in *Thomas*, this Court found the vacatur of one of two predicate offenses "stripped" a petitioner of his career offender status, thereby making his claim cognizable for collateral attack. 2019 WL 2904652

15

at *13. The court observed that, while sentencing guidelines are not mandatory, the sentencing Judge "clearly enhanced Thomas's sentence based on his status as a career offender," entitling petitioner to a new sentencing. *Id.*

In this case, the vacatur of one of Petitioner's two predicate offenses used to assign Petitioner as a career offender nullifies Petitioner's designation as a career offender. The Government argues that the issue at hand is a misapplication of the career offender guidelines. (ECF No. 42 at 14 (citing *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). In *Foote*, the defendant was initially sentenced as a career offender. 784 F.3d at 932. However, after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), one of his prior North Carolina offenses no longer qualified as a career offender predicate under the sentencing guidelines, prompting Foote to challenge his career offender designation under § 2255. *Id.* at 936. The court in *Foote* concluded that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar." *Id.* Importantly, the petitioner in *Foote* never received a vacatur of his prior convictions. *Id.*

Conversely, the issue here is not a mistaken application of the guidelines or a dated application of the guidelines. Rather it is a change in the criminal history of the Petitioner. Even the *Foote* Court made the distinction that the "federal conviction that brought [Foote] to court in the first place and the state convictions used to enhance his sentence have not been invalidated or vacated; thus, it is difficult to place Appellant's case within the ambit of those decisions" in which the Supreme Court has found a miscarriage of justice. *Id.* at 940. Therefore,

the facts and holding in *Foote* are inapposite to the instant case.[4]

The vacatur of one of Petitioner's two predicated offenses used to assign Petitioner as a career offender means Petitioner is no longer correctly designated as a career offender and is thus entitled to resentencing. At the time of his sentencing, Petitioner's Guideline calculation was not erroneous or a "misapplication of the guidelines," but rather, was predicated on a since-vacated state conviction making his claim cognizable under collateral review. Following the Fourth Circuit's assertion in *Pettiford*, "when reviewing sentences imposed under the career offender guideline, . . . sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated." 612 F.3d at 276. On these facts, Petitioner is entitled to resentencing.[5]

---

[4] The Government's additional reliance on *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010) is distinguishable. (ECF No. 42 at 12.) In *Pettiford*, although two of petitioner's predicate offenses were vacated after sentencing, three convictions sufficient to support his career offender designation remained on his record. *Id.* In the instant case, without the Petitioner's 2007 state conviction, he does not qualify as a career offender under the sentencing guidelines.
Similarly, the Government further cites *United States v. Mikalajunas*, to support its position that a misapplication of the guidelines typically does not warrant relief under § 2255. (ECF No. 42 at 13.) Again, Mikalajunas' challenge to his guideline sentence was predicated on an incorrect upward adjustment of an offense level by the Court, an issue not before this Court. 186 F. 3d at 496. The issue before this Court is not whether or not the guidelines were misapplied, but whether a particular change in fact constitutes resentencing.
[5] Since this Court finds Petitioner's claim cognizable on non-constitutional grounds, Petitioner's due process argument is moot.

## CONCLUSION

For the foregoing reasons, Petitioner Brian Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 39) is GRANTED, and Petitioner's sentence is VACATED. The parties should confer and contact chambers to schedule a date for Petitioner's re-sentencing.

A separate Order follows.

Dated:     November 26, 2019

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge